# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KATHY D. CHESNEY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>    Defendant. ) | 3:04-cv-305<br><br>Phillips |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of plaintiff's objection to the magistrate judge's report and recommendation [Doc. 20]. In the report and recommendation, United States Magistrate Judge C. Clifford Shirley, Jr. found the defendant Commissioner's decision that the plaintiff is not disabled is supported by substantial evidence in the record as a whole and should be affirmed [Doc. 14]. He recommended the following: the plaintiff's motion for remand [Doc.8] be denied, the defendant Commissioner's motion for summary judgment [Doc. 12] be granted, and the case be dismissed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires

that the decision of the administrative law judge (ALJ) be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health and Human Services*, 893 F.2d106, 108 (6th Cir. 1989) (citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.* (citation omitted).

In considering claimant's objection to the magistrate judge's ruling, the court has independently reviewed the entire record, including the report and recommendation, the ALJ's written decision, the transcript of the hearing, the hearing exhibits, relevant correspondence, and any relevant documents submitted after the hearing. This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the plaintiff objects. For the reasons stated below, the objection will be overruled.

Plaintiff argues that this matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g). She argues that the Social Security Administration (SSA) failed to follow its own procedural regulations. According to plaintiff, the Appeals Council acknowledged that Social Security Regulation 20 CFR § 404.970 requires that a case be remanded to the ALJ if new and material evidence relating to the issues considered in

2

the hearing decision are discovered.  However, the Appeals Council failed to do so in this case.  The evidence at issue showed scar tissue impinging on the L-5 nerve root which developed after plaintiff's 1998 lumber spine surgery.  Plaintiff asserts this evidence supported plaintiff's testimony that she was unable to continue to work due to the severity of her back pain after July 15, 2001, and that her medical treatment has been ineffective to relieve her pain.  Plaintiff notes that the VE testified there were no jobs that plaintiff could do on a sustained basis if she were restricted by severe pain to the extent described by her testimony [Tr. 314].

As noted by the magistrate judge, when a party has presented new evidence on appeal, the court can remand a case for further consideration of the evidence only after a showing that the evidence is material and that good cause exists for the failure to incorporate the evidence into the record in the prior proceeding.  *See Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993).  To show that the proposed new evidence is "material," the claimant must show "that there was a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 717 (6th Cir. 1988).  The undersigned agrees with the magistrate judge that the plaintiff has failed to demonstrate how the new evidence submitted to the Appeals Council is material. Additionally, as to the medical evidence from the pain clinic, I concur in the magistrate judge's conclusion that one must improperly speculate to accept the argument that November 2003 evidence supports a finding of disability dating back to July 2001.  Thus, the evidence fails to show that a sentence six remand is warranted.

3

Substantial evidence supports the ALJ's decision that plaintiff was not disabled, and plaintiff has not established a proper basis for remand. Accordingly, plaintiff's objection to the report and recommendation will be overruled. Her motion for remand [Doc. 8] will be denied; the defendant Commissioner's motion for summary judgment [Doc. 12] will be granted; the Commissioner's decision denying benefits will be affirmed; and this case will be dismissed.

**ORDER TO FOLLOW.**

                                              **ENTER:**

                                              <u>s/Thomas W. Phillips</u>
                                              **UNITED STATES DISTRICT JUDGE**